OPINION
Appellant Phillip Helms appeals his conviction, in the Licking County Court of Common Pleas, as it pertains to the suspension of his driver's license for life. The following facts give rise to this appeal. On June 16, 2000, appellant, while headed south on State Route 13, lost control of his vehicle, crossed the center line and struck an on-coming vehicle driven by Ernest Campbell. Mr. Campbell died as a result of the injuries he sustained in the accident. A blood test administered to appellant, following the accident, indicated a blood alcohol level of 1.39 grams of alcohol. On August 25, 2000, the Licking County Grand Jury indicted appellant on aggravated vehicular homicide, vehicular assault, driving under the influence, reckless operation of vehicle, and operating a motor vehicle without reasonable control. Appellant entered a plea of not guilty to these charges. Thereafter, appellant agreed to withdraw his plea of not guilty and enter a plea of no contest. Following a pre-sentence investigation, the trial court conducted a change of plea hearing on November 21, 2000. Appellant entered a plea of no contest to each charge contained in the indictment. As part of its sentence, the trial court ordered appellant's driver's license suspended for life. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT SUSPENDED THE APPELLANT'S DRIVER'S LICENSE FOR LIFE (SIC)
 I.
In his sole assignment of error, appellant contends the trial court erred when it suspended his driver's license for life. We disagree. The trial court found appellant guilty of aggravated vehicular homicide under R.C. 2903.06(A)(2). This statute provides, in pertinent part: (B)(1) Whoever violates division (A)(1) or (2) of this section is guilty of aggravated vehicular homicide and shall be punished as provided in divisions (B)(1)(a) and (b) of this section.
* * *
 (b) Except as otherwise provided in this division, aggravated vehicular homicide committed in violation of division (A)(2) of this section is a felony of the third degree. * * *
In addition to any other sanctions imposed, the court shall suspend the offender's driver's license, * * * for a definite period of three years to life pursuant to section 4507.16 of the Revised Code.
At the sentencing hearing conducted on November 21, 2000, the trial court stated that "[t]here is a mandatory loss of license." Tr. Sentencing Hrng. at 23. In the sentencing judgment entry, the trial court suspended "* * * the Defendant's driver's license for life." Judgment Entry, Nov. 21, 2000, at 2. Appellant contends that based upon these statements, the trial court incorrectly believed that a conviction under R.C. 2903.06(A)(2) requires a mandatory license suspension for life. Based upon our review of the record, we do not find the trial court believed it was required to suspend appellant's driver's license for life. The trial court merely stated, on the record at the change of plea hearing, that there is a mandatory loss of license. The trial court did not state that the mandatory loss of license is for life. Further, R.C.2903.06(A)(2) does require a mandatory loss of license for a definite period of three years to life. Thus, the trial court was correct when it stated that there is a mandatory loss of license. The trial court merely failed to clarify this statement by stating the mandatory loss of license may range from three years to life. Finally, in the sentencing judgment entry, the trial court did not indicate that the driver's license suspension for life was mandatory. Accordingly, appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is affirmed.
 ________ Wise, J.
Edwards, P.J., and Boggins, J., concur.